UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHANIE JILL CONN,

        Plaintiff,

v.                                                                              Case No. 18-cv-1701-pp

NISSEN ENTERPRISES, and
NISSEN STAFFING CONTINUUM,

        Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT (DKT. NO. 5), DEFERRING RULING ON PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On October 25, 2018, the plaintiff, representing herself, filed a complaint naming "Nissen Enterprises/Nissen Staffing Continuum" as defendants. Dkt. No. 1. She also asked the court to allow her to proceed without prepaying the $400 filing fee. Dkt. No. 2. On February 12, 2019, defense counsel made a special appearance for the purpose of filing a motion to dismiss the case for failure to timely serve the summons and complaint. Dkt. No. 5. The court will deny the motion to dismiss, defer ruling on the plaintiff's motion to proceed without prepaying the filing fee and give the plaintiff the opportunity to file an amended complaint.

**I.       The Court's Delay in Addressing the Motion**

Although the clerk's office assigned the case to this court in November 2018, the court only now has been able to review it, due to a heavy case load

1

and the fact that this district has been short one district court judge for the past three years. The court regrets the delay and hopes to get the case back on track with this order.

## II. Plaintiff's Ability to Pay the Filing Fee

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's request to proceed without prepaying the fee says that she is currently employed, is not married and is responsible for supporting dependents. Dkt. No. 2 at 1. She does not list any dependents in section I of the application, id. at 1–2, but the court assumes that one of her dependents is the "disabled son with autism" referenced in the "other circumstances" section, id. at 4. She receives $5,538 per month in income from her employment with "Staff One." id. at 2. She states that in the last twelve months, she has received $60,000 from her employment with "Sourcepoint Staffing" and $5,538 from Staff One. Id. She owns a 2014 Subaru Outback valued at $21,000, id. at 3, and has $200 in a checking or savings account, id. at 4. She lists no other property or assets. Id. 3–4. The plaintiff states that her total monthly expenses are $5,620 per month, comprised of $2,400 in rent, $420 in car payments, $150 in credit card payments, $2,000 in other household expenses, $200 for "Griffin's supplements (autism)," $150 for gas for her car, $240 in car insurance and $60 for renters insurance. Id. at 2–3. After deducting her

monthly expenses from her monthly income, the plaintiff has a negative balance of $82 a month. Based on the information contained in the plaintiff's application, the court concludes that the plaintiff does not have the ability to pay the filing fee.

**III.    Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff represents herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3

A. Facts Alleged in the Complaint

The plaintiff filed her complaint on a pre-printed form. Dkt. No. 1. It is not one of this court's complaint forms; it is a form provided on the United States Courts' web site, https://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination.

Under section "II. Basis for Jurisdiction," under the "Relevant State Law" heading, the plaintiff writes that she is suing for "discrimination—sexual, disability, retaliation." Dkt. No. 1 at 3. In section "III.E.," which asks plaintiff to explain the facts of her case, the plaintiff wrote only "Attached EEOC File." Dkt. No. 1 at 5. The attachment is 149 pages of documents relating to her EEOC complaints, including two copies of her notice of right to sue letter, dkt. no. 1-1 at 1, 4; the plaintiff's "Charge of Discrimination" to the Wisconsin Equal Rights Division, id. at 11; the defendant's "Respondent's Position Statement," dkt. no. id. at 99–149; and the plaintiff's reply to that document, id. at 21–32.

The plaintiff's "Charge of Discrimination" states the following:

I. I began working for the respondent in August 2015 in the position of Business Consultant. Since the beginning of my employment, I was denied an accommodation of being allowed to work from home. I complained about my treatment. I complained about the harassment of my family who has special needs, inappropriate language by my supervisor, including calling me a "lesbian," accusations that I was smoking pot and other comments regarding my disability. On October 31, 2016, I was discharged.

II. I believe that the respondent has discriminated against me on the basis of my disability and my association with someone who is disabled, when I was denied an accommodation and discharged. I also believe that I was subjected to harassment based on my sex, Female. Furthermore, I believe that I was discharged due to engaging in a protected activity, in violation of the Americans with

4

>Disabilities Act of 1990, as amended and Title VII of the Civil Rights Act of 1964, as amended, including section 704(a).

Dkt. id. at 11.

B. Analysis

There are limits on the kinds of cases that a federal court may consider. It can consider and decide cases that involve violations of *federal* laws or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332. A corporation is considered a citizen of "every state and foreign state by which it has been incorporated." 28 U.S.C. §1332(c)(1). Federal courts cannot consider and decide lawsuits that involve state law, unless the plaintiff lives in a different state from the defendant corporation, or unless the state-law claims relate to a federal claim.

The plaintiff wrote the comments "discrimination—sexual, disability, retaliation" under the section of the complaint form that asked her to identify the *state* law under which she was suing. Dkt. No. 1 at 4. She did not identify the state law or laws under which she's suing, and did not explain whether the state law violation related to a federal claim.

If the plaintiff is suing under a state law only, this court does not have jurisdiction over the case unless the defendants she has sued are residents of states other than Wisconsin. The plaintiff lives in Fox Point, Wisconsin. Dkt. No. 1 at 2. In the complaint, she indicated that Nissen Enterprises/Nissen Staffing Continuum was located in Waukesha, Wisconsin. If that is true, the

5

plaintiff cannot sue them for state law violations in federal court. The court checked the web site for Wisconsin's Department of Financial Institutions. It showed a "Nissen Enterprises, LLC," registered as a domestic limited liability company with a principal office in Waukesha Wisconsin, and a "Nissen & Associates Staffing Continuum, LLC," also registered as a Wisconsin limited liability corporation with its principal place of business in New Berlin, Wisconsin. See "Nissen," WIS. DEP'T FIN. INSTITUTIONS, https://www.wdfi.org/apps/CorpSearch/Results.aspx?type=Simple&q=Nissen (last visited Sept. 4, 2019). If these are the companies the plaintiff wishes to sue, and if she is suing the defendants on state-law claims, this court does not have jurisdiction over the case.

Because the plaintiff is representing herself, the court also has considered whether the plaintiff might be trying to allege that the defendants violated a federal law or the United States Constitution. Based on the plaintiff's "Charge of Discrimination," she may be trying to state a claim of discrimination or retaliation under Title VII or the Americans with Disabilities Act.

"Under Title VII, an employer may not discriminate based on 'race, color, religion, sex, or national origin.'" Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting 42 U.S.C. §2000e-2(a)). To state a Title VII discrimination claim, a plaintiff must show that

> (1) [she] is a member of a class protected by the statute, (2) that [she] has been the subject of some form of adverse employment action (or that [she] has been subjected to a hostile work environment), and (3) that the employer took this adverse action on account of the plaintiff's membership in the protected class.

6

Id. At the pleading stage, the plaintiff need not prove her case; the Seventh Circuit has held that "'in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [Title VII] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [protected class status].'" Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013) (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008)).

"To plead a Title VII retaliation claim, a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015). The court analyzes retaliation claims under the same standard. Sanford v. Thor Indus., Inc., 286 F. Supp. 3d 938, 947 (N.D. Ind. 2018), appeal dismissed, No. 18-1542, 2018 WL 4348098 (7th Cir. June 6, 2018).

The Americans with Disabilities Act "forbids discrimination against '[a] person who has a record of, or is regarded as having, an impairment [but who] may at present have no actual incapacity at all." Manson v. Gen. Motors Corp., 66 F. App'x 28, 36 (7th Cir. 2003) (quoting Johnson v. Am. Chamber of Commerce Publishers, Inc., 108 F.3d 818, 819 (7th Cir. 1997)). To state a *prima facie* case for discrimination under the ADA, a plaintiff must show

> (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she has suffered from an adverse employment decision because of her disability.

7

Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1060 (7th Cir. 2014). A plaintiff satisfies the first element if the company incorrectly "regarded the employee as disabled." Manson, 66 Fed. Appx. at 36.

As it stands right now, the plaintiff's complaint alleges that the defendant treated her "unfairly and there was an imbalance in accounts awarded between [plaintiff] and another sales person." Dkt. No. 1 at 6. She has not explained how or when any unfair treatment occurred, where it occurred or why she thinks one or more of the defendants treated her unfairly. The plaintiff also indicated that she was providing the court with her entire EEOC file, dkt. no. 1 at 5, which consists of 149 pages of documents relating to the EEOC claim, dkt. no. 1-1. It appears that the plaintiff expects the court to comb through all the documents she filed and try to figure out what her claims are from those documents. That is not how federal lawsuits work. A party cannot file a stack of documents with the court and say, "Here—you read all this and figure out what I'm trying to allege." As the Seventh Circuit put it, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin out of a bucket of mud." U.S. *ex rel.* Garst, 328 F.3d 374, 378 (7th Cir. 2003).

That said, the court did try to comb through some of these documents. The plaintiff claims she was mistreated by someone named "Staci Eggert," and that Eggert was showing favoritism to another employee named "Deb Deuster." See Dkt. No. 1-1 at 21–32. The plaintiff also asserts that Eggert was aware of, among other things, plaintiff's diagnosis of PTSD. Dkt. No. 1-1 at 23. While her

8

experiences do sound upsetting, the plaintiff has not alleged that she was mistreated because of her PTSD. She merely asserts that Eggert knew about her condition and that she was mistreated. She does not describe Eggert's position—was she the plaintiff's supervisor? Was she a co-worker? Does she own the company? She does not explain the "mistreatment"—was the plaintiff fired? Were her hours cut? Was she demoted? She does not explain the relationship between Eggert's knowledge of the plaintiff's PTSD and whatever the mistreatment was.

Some of the facts in the plaintiff's response to the "Respondent's Position Statement," dkt. no. 1-1 at 21–32, indicate that the plaintiff might be able to allege claims, if she files an amended complaint that provides sufficient detail about two allegations in her documents: (1) Deuster's alleged comments calling plaintiff a lesbian and Eggert's alleged endorsement of those comments, dkt. no. 1-1 at 24–25; and (2) the details regarding "the illegal workers and eVerify issue" that she claims led to her firing, dkt. no. 1-1 at 29, 30. The court will give the plaintiff the opportunity to file an amended complaint to provide that detail. The plaintiff should use the court's standard complaint form for the amended complaint (the court is including a copy of the form with this order, along with a guide for plaintiffs representing themselves). She should write the word "amended" at the top of the first page, in front of the word "Complaint." She should put the case number for this case—18-cv-1701—in the field for the case number. In the "Statement of Claim" section on page 2, the plaintiff should explain who she believes violated her rights, what each defendant did to

violate her rights, when they did it, where the violations happened and, if she knows, why they did it. If the space at pages 2-3 is not enough, the plaintiff may add up to five additional, single-spaced pages.

The court will give the plaintiff a deadline for filing the amended complaint. If the court does not receive an amended complaint from the plaintiff by the deadline, the court will dismiss her case for failure to diligently pursue it. See Civil L.R. 41.

### IV. Defendants' Motion to Dismiss (Dkt. No. 5)

The defendant has asked the court to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Dkt. No. 5 at 1. Rule 4(m) requires the plaintiff to serve the complaint on the defendants within ninety days after the complaint is "filed." The Seventh Circuit has held when a plaintiff applies to proceed without prepaying the filing fee, 28 U.S.C. §1915(a) "implies a different approach." Williams-Guice v. Bd. of Educ. of City of Chi., 45 F.3d 161, 162 (7th Cir. 1995). The court noted that the statute says that the court may *authorize* the filing of a suit without prepaying of the filing fee; that language "impl[ies] that depositing a copy of the complaint with the clerk does *not* commence the litigation . . . ." Id. (emphasis in the original). "Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action." Id.; see also, Stephenson v. Peterman, No. 04-C-1228, 2006 WL 8449929, at *3 (E.D. Wis. Feb. 6, 2006). Because the court is deferring ruling on the plaintiff's motion to proceed without prepaying the filing fee, the

10

complaint has not yet been "filed." The court will deny the motion without prejudice. If the plaintiff files an amended complaint by the deadline set below, the court will review it. If the court determines that it should grant the plaintiff's motion to proceed without prepaying the filing fee, it will direct the U.S. Marshal to serve the complaint. See Stephenson, 2006 WL 8449929 at *4.

## V.  Conclusion

The court **DEFERS RULING** on the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES** the defendants' motion to dismiss for failure to timely serve summons and complaint. Dkt. No. 5.

The court **ORDERS** that the plaintiff must file an amended complaint, complying with the court's instructions, in time for the court to receive it by the end of the day on **October 18, 2019**. If the court does not receive the plaintiff's amended complaint by the end of the day on October 18, the court will dismiss the complaint without prejudice, without further notice or hearing, for the plaintiff's failure to diligently pursue the case under Civil Local Rule 41.

Dated in Milwaukee, Wisconsin this 16th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**